IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 12-cr-00388-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. LUIS ANTONIO URIBE-ROCHA,

        Defendant.

---

## ORDER

---

        This matter comes before the Court on Defendant's Motion to Reconsider

Court's Denial of Defendant's Motion to Recuse [Docket No. 32].

        On March 1, 2013, the Court held a sentencing hearing in this case.  At the

beginning of the hearing, the defendant orally moved the Court to recuse itself on the

ground that the government had breached the plea agreement by taking a position

inconsistent with its stipulation regarding the beginning date of relevant conduct and

that, as a result, the Court was exposed to the government's inappropriate argument.

The Court agreed that the government breached the plea agreement, but denied the

motion to recuse.  In the plea agreement, the United States agreed that "the date on

which relevant conduct began is August 29, 2012."  Docket No. 17 at 5.  Assuming that

were true, the calculation of the defendant's guideline imprisonment range would be

that estimated in the plea agreement.  The Probation Department, however, attached

an ICE interview to the presentence investigation report showing that the defendant

admitted that he had last entered the United States earlier than August 29, 2012.  As a result, the Probation Department determined that the defendant had a higher offense level.  The Court continued the sentencing hearing in order to hear testimony from the ICE agent who conducted the interview.

In its motion to reconsider, the defendant argues that "[o]nce that breach occurred, the bell has been rung - the Court is aware of the government's position and a later recantation of that position cannot un-ring that bell.  As a result, recusal is necessary."  Docket No. 32 at 3.  The fact that the Court was exposed to the government's position, however, did not expose the Court to a new argument or a new fact.  Rather, the issue of when the defendant last entered the United States was raised on four separate occasions before the government filed its response to defendant's objections to the presentence investigation report, which contained the argument at issue.

The first time that the issue of defendant's last entry into the United States was raised was on December 18, 2012, when the Court held the change of plea hearing.  At the beginning of the hearing, the Court asked the parties whether the defendant had admitted to ICE agents when he entered the United States since that could affect whether he received an eight or twelve level enhancement.  The Court noted that the defendant appeared to have a 2010 traffic conviction, suggesting that he was in the United States during the ten year period after the defendant's 2001 felony conviction in Utah.  The defendant took the position that the relevant conduct stipulation controlled, at which time the Court stated that, if the defendant admitted to being in the United

States during the ten year period, the offense level would be different than the stipulation.

The second time that the issue of defendant's last entry into the United States was mentioned is in footnote one of the presentence investigation report, which was filed on January 25, 2013. That footnote states that "[d]iscovery material number 000001 and 000147 reflect that the defendant admitted to unlawfully entering the United States at or near Nogales, Arizona, on an unknown date in April 2010. This date will be used in the computation of criminal history points."

The third time that the issue of defendant's last entry into the United States was mentioned was in the defendant's objections to the presentence investigation report [Docket No. 20], filed on January 31, 2013. The defendant objected to assigning criminal history points to his Utah conviction on the grounds that it did not fall within the ten year period of U.S.S.G. § 4A1.2(e)(2) because of the relevant conduct stipulation in the plea agreement. The defendant further argued that the Probation Department could not rely on the defendant's admission to the ICE agent about when he last entered the United States because there was no indication that such statement was reliable or that he had not departed the United States after the date that he admitted to have entered, thereby breaking the continuing offense. Docket No. 20 at 3.

The fourth time that the issue of defendant's last entry arose was in the Probation Department's addendum to the presentence investigation report [Docket No. 23], filed on February 21, 2013. The Probation Department responded to the defendant's objection that his statements to the ICE agent were unreliable by attaching the relevant discovery materials, including a signed statement of defendant stating that

he last entered the United States in April 2010, and by summarizing a telephone conversation that the assigned Probation Officer had with the ICE agent who interviewed the defendant.

The United States responded [Docket No. 24] to defendant's objections to the presentence investigation report on February 27, 2013. The government denied that it breached the plea agreement and, among other things, advocated that the defendant be sentenced between 33 and 41 months imprisonment, a sentencing range that was inconsistent with the plea agreement, which was based on a calculation that the defendant's Utah conviction would not receive criminal history points. The defendant moved to strike the government's response on the ground that it breached the plea agreement [Docket No. 25]. The government then reversed course. It filed a motion to withdraw its response to the defendant's objections [Docket No. 28] and, at the March 1, 2013 sentencing hearing, took the position that the guideline range agreed to by the parties in the plea agreement was the proper range for sentencing. The United States also urged the Court to grant the defendant a one-level downward variance for waiving his appellate rights or, in the alternative, to grant a variance that would achieve the same result. The government stated that it hoped that Mr. Uribe-Rocha would consider its position specific performance of its obligations under the plea agreement.

In the many years since *Santobello v. New York*, 404 U.S. 257 (1971), no appellate court has suggested that district judges, upon the district judges' finding that the government has breached a plea agreement, prospectively recuse themselves. Findings of a breach of the plea agreement will typically occur before sentencing. At that time, the defendant does not know whether he or she will receive a sentence that

4

comports with specific performance of the plea agreement, assuming that is the remedy sought. There may also be cases where specific performance is not reasonably likely given the Court's calculation of the guideline range, *see Puckett v. United States*, 556 U.S. 129, 141-42 (2009) ("The defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway (e.g., the sentence that the prosecutor promised to request) or because he likely would not have obtained those benefits in any event"), in which case the defendant would not know the reasons on which a court may base its sentence and thereby would not be able to decide whether another sentence is likely or possible. For instance, here the parties entered into a plea agreement containing a stipulation about relevant conduct that directly contradicts defendant's statement to an ICE agent as to when he last entered the United States, a contradiction that the Court and the Probation Department independently discovered. Thus, whether the government advocates for the sentence contemplated in the plea agreement may not have any reasonable likelihood of changing the guideline range. Moreover, there may be cases in which the government recognizes that a prior position it took did, in fact, breach the plea agreement and supports the defendant's interpretation of the plea agreement at sentencing. While the government's change of position in this circumstance would not cure the breach, it may be relevant to what sentence the judge imposes and thereby be relevant to the defendant's determination of whether a more favorable sentence is possible.

The circumstances of this case do not suggest prospective recusal. First, the Court and the Probation Department discovered the inconsistency between the plea

agreement and the defendant's statement as to when he last entered the United States before the government filed its pleading that breached the plea agreement. In fact, before the government filed its pleading, the defendant himself brought the issue to the Court's attention in his objections to the presentence investigation report. Second, the government has moved to withdraw the pleading at issue and now joins the defendant in asking for specific performance of the plea agreement. While this does not cure the breach, it also does not argue for prospective recusal. In short, the Court does not believe that prospective recusal is appropriate in this case. *See United States v. Oakes*, 680 F.3d 1243, 1247 (10th Cir. 2012) ("The general rule requiring a new judge is not, however, a rigid one").

Wherefore, it is **ORDERED** that Defendant's Motion to Reconsider Court's Denial of Defendant's Motion to Recuse [Docket No. 32] is denied.


DATED April 4, 2013.

BY THE COURT:


 s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge